## MENTHOLATUM CO. v. MOTTER, Collector of Internal Revenue.

### No. 1440.

District Court, D. Kansas, Second Division.

Feb. 20, 1934.

Foulston, Siefkin, Foulston & Morris, of Wichita, Kan., for Mentholatum Co.

Sewall Key and E. F. McMahon, Sp. Assts. to the Atty. Gen., Sardius M. Brewster, U. S. Atty., and L. E. Wyman, Asst.

U. S. Atty., of Topeka, Kan., for Defendant Collector.

HOPKINS, District Judge.

I have had under consideration the record, agreed statement of facts and briefs of the parties, and find the facts as follows, to-wit:

First: The Mentholatum Company, plaintiff herein, is a corporation duly organized, existing and operating under and by virtue of the laws of the State of Delaware, with its principal place of business located in Wichita, Kansas, within this judicial district, and during the taxable period hereinafter mentioned, plaintiff was engaged in the business of manufacturing and selling Mentholatum.

Second: The defendant, H. H. Motter, was at all times hereinafter mentioned, the duly appointed, qualified and acting Collector of Internal Revenue for the United States of America for the Collection District of Kansas.

Third: Plaintiff made and filed its Manufacturers' Excise Tax Return for the taxable period, June 21, 1932, inclusive, showing the amount of tax due thereon, which was duly assessed on such return by the Commissioner of Internal Revenue and paid to the Collector of Internal Revenue for the Collection District of Kansas, as follows:

| Period | List | Month | Year | Page | Line |
|---|---|---|---|---|---|
| June 21 to June 30, 1932 | 23-A | Sept. | 1932 | 555 | 0 |

| Amount | Date Paid |
|---|---|
| $1,693.63 | 9–1–32 |

Fourth: On August 31, 1932, plaintiff filed its claim for refund, No. S.T. 1102 of Manufacturers' Excise Tax paid on Mentholatum for the taxable period June 21, 1932, to June 30, 1932, inclusive, in the amount of $1,693.63, on the ground that such article was a proprietary medicine and not a toilet preparation nor cosmetic within the meaning of the provisions of Section 603 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 608, and Regulations 46, Article 22 duly promulgated thereunder, which was duly rejected by the Commissioner of Internal Revenue on March 3, 1933, or March 30, 1933.

Fifth: During the taxable period involved, plaintiff manufactured, advertised and sold Mentholatum to jobbers and distributors and does not know, nor has any

means of ascertaining the actual use to which the Mentholatum so sold was placed.

Sixth: Mentholatum is composed of the following compounded ingredients: Menthol, oil of eucalyptus, camphor, oil of gaultheria, boracic acid and oil of pine with a vehicle base of petrolatum and paraffin.

Seventh: During the taxable period involved, plaintiff extensively advertised Mentholatum for the following uses: Head colds, rectal irritation, nasal irritations, chapped skin, chilblains, tired, burning and aching feet, nervous headaches, insect stings, neuralgia, itching piles or hemorrhoids, poison vine itching, prickly heat, chafing, sprains, small cuts, sunburn, windburn, burns and scalds, chapped hands, bruises and after shaving as shown by the advertisements, labels and circulars hereto attached as exhibit "A" and made a part hereof.

Eighth: Mentholatum is a proprietary remedy adapted and suitable for each of the uses set out in paragraph Seventh hereof.

Ninth: The plaintiff did not increase its sales price by the amount of tax and during the taxable period the plaintiff did not invoice the tax to the customer as a separate item, but paid the tax to the Collector of Internal Revenue and charged such payments to the manufacturing costs, resulting in an increase of such costs and a corresponding decrease of profits received from such sales.

Tenth: On April 3, 1933, the plaintiff eliminated all reference to "For use after shaving" and "for tired, aching and burning feet" from its advertisements, labels and circulars and on that date secured a ruling from the Commissioner of Internal Revenue that Mentholatum when so sold was not subject to the tax imposed by Section 603 of the Revenue Act of 1932, nor subject to such classification under Regulations 46, Article 22 and S.T. 655 I.R.B. XII-13-6101, page 17, as shown by the photostat copy of letter dated April 3, 1933, Regulations 46 and I.R.B. XII hereto attached, marked Exhibits "C", "D" and "E" and made a part hereof.

Eleventh: During the years 1918 to 1921 sales of Mentholatum were subject to the tax imposed by the provisions of Section 907(a) (2) of the Revenue Act of 1918, 40 Stat. 1125, when sold for the uses indicated in the advertising matter marked Exhibit "B" attached hereto and made a part hereof and such tax was paid by the plaintiff to the Collector of Internal Revenue for the collection district of Kansas.

Twelfth: Duly certified photostat copies of the Manufacturers' Excise Tax Return, with attached affidavit, claim for refund No. 1102 with attached rejection letter dated March 3, 1933 and uncertified photostat copies of bureau letters dated February 17, 1933 and January 27, 1933, marked Exhibits "F", "G", "H" and "I", referred to in the agreed statement of facts, are made a part hereof.

Thirteenth: The purpose and use of Mentholatum is medicinal and this includes the advertised uses "For tired feet" and "after shaving". The advertising of the product for these purposes does not make the product what is commonly known as a toilet preparation.

Fourteenth: Even though the advertised uses of Mentholatum are held to make it a preparation for toilet purposes, in those instances such uses are incidental or occasional and the chief and primary use being medicinal. it is exempted from taxation by the interpretation placed on Section 603 of the Revenue Act of 1932 by the Regulations promulgated thereunder.

## Conclusions of Law.

I conclude that the plaintiff is entitled to recover judgment herein, as prayed in its petition. An order will be drawn covering the Court's decision and allowing the defendant its exceptions.